IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MASTERBUILT MANUFACTURING, INC., *
a Georgia Corporation,
                                  *
    Plaintiff,
                                  *
vs.                                        CASE NO. 4:10-CV-35 (CDL)
                                  *
BRUCE FOODS CORPORATION,
a Louisiana Corporation,          *

    Defendant.                    *

O R D E R

Plaintiff Masterbuilt Manufacturing, Inc. ("Plaintiff") alleges in its First Amended Complaint ("Amended Complaint") claims against Defendant Bruce Foods Corporation ("Defendant") for patent infringement, trade dress infringement, and deceptive trade practices. Defendant seeks dismissal of Counts IV and V of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that those counts fail to state claims for trade dress infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125, and for deceptive trade practices under O.C.G.A. § 10-1-372(a)(2). For the following reasons, Defendant's Motion to Dismiss Counts IV and V of Plaintiff's First Amended Complaint (ECF No. 18) is denied.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

BACKGROUND

Defendant contends that Plaintiff's allegations of trade dress infringement and deceptive trade practices are inadequate to satisfy the Rule 12(b)(6) pleading standards as explained by the Supreme Court in *Twombly* and *Iqbal*. Plaintiff's Amended Complaint makes the following allegations in support of Plaintiff's claims. Plaintiff manufactures several products that cook large food items, primarily turkeys. Plaintiff claims that it has "developed trade dress in the overall appearance of its 'Electric Digital Smoker' product through its use of distinctive, non-functional product features." First Am. Compl. ¶ 96, ECF No. 9 [hereinafter Am. Compl.]. Plaintiff specifies that the distinctive, non-functional features include: (1) the overall shape and profile of the Electric Digital Smoker; and (2) the configuration, design, and placement of the door of the Electric Digital Smoker. *Id.* Plaintiff alleges that Defendant sells "an electric smoker that mirrors the configuration of the Masterbuilt 'Electric Digital Smoker,' including the overall shape and profile, as well as the configuration, design, and placement of the door." *Id.* ¶ 97. Plaintiff identifies Defendant's allegedly infringing products as the "Electric Smoker" and the "Electric Smoker Stainless Steel," *id.* ¶¶ 98-99, defined in the Amended Complaint as Defendant's "Cajun Injector Electric Smoker" and "Cajun Injector Electric Smoker

Stainless Steel." *Id.* ¶¶ 89-90. Plaintiff included pictures of the accused products as part of its Amended Complaint. *See* Am. Compl. Ex. I, Cajun Injector Electric Smoker - Bruce Foods Online Store, ECF No. 9-9; Am. Compl. Ex. K, Cajun Injector Electric Smoker Stainless Steel - Bruce Foods Online Store, ECF No. 9-11; Am. Compl. ¶ 94 & pp. 13-14. Plaintiff alleges that Defendant's products are likely to cause confusion as to the origin, sponsorship, or approval of Defendant's goods in violation of 15 U.S.C. § 1125. Am. Compl. ¶ 123.

## DISCUSSION

### I. Count IV: Trade Dress Infringement

To prevail on a claim of trade dress infringement, Plaintiff must prove that "(1) the product design of the two products is confusingly similar; (2) the features of the product design are primarily non-functional; and (3) the product design is inherently distinctive or has acquired secondary meaning." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1202 (11th Cir. 2004). Defendant contends that Plaintiff has failed to allege an essential element of its claim–that the trade dress has acquired secondary meaning. Plaintiff responds that its design uses distinctive product features, and, as noted by the Supreme Court, secondary meaning is a type of distinctiveness. *See Wal-Mart Stores,*

*Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210-11 (2000) (noting that a mark can be distinctive by being inherently distinctive or by acquiring distinctiveness by developing secondary meaning). The Court finds that Plaintiff has sufficiently alleged the distinctiveness element of its trade dress claim. *Twombly* and *Iqbal* do not require a pleading party to "allege with precision each element of a claim." *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (per curiam). The complaint must contain "direct or inferential allegations respecting all the material elements necessary to sustain a recovery." *Id.* Plaintiff's allegations regarding distinctiveness and the other elements of a trade dress infringement claim satisfy this requirement.

Defendant also argues that Plaintiff's Amended Complaint does not contain sufficient "factual" allegations to support a claim for trade dress infringement. Plaintiff's infringement allegations focus on Defendant's alleged infringement of the trade dress developed in the overall appearance of Plaintiff's Electric Digital Smoker. Plaintiff identifies the features of its product that are distinctive and non-functional, including: (1) the overall shape and profile of the Electric Digital Smoker; and (2) the configuration, design, and placement of the door of the Electric Digital Smoker. Plaintiff specifies Defendant's allegedly infringing products and provides

5

pictures of the products. The Court is satisfied that these allegations, when read in conjunction with the entire Amended Complaint, put Defendant on notice of a plausible cause of action arising from the alleged facts. The allegations also raise the right to relief above the speculative level.

Finally, the Court rejects Defendant's suggestion that a heightened pleading standard, requiring the pleading of certain elements of a trade dress infringement claim with greater particularity than other non-trade dress claims, exists in this Circuit. Defendant has pointed the Court to no Eleventh Circuit authority for this proposition, and the Court has found none. Plaintiff has specifically alleged that it has developed protectable trade dress in the overall shape and profile of the product and the configuration, design, and placement of the door of the product. These allegations adequately identify the features that comprise Plaintiff's alleged trade dress.

For these reasons, the Court finds Plaintiff has adequately stated a claim for trade dress infringement. Accordingly, Defendant's Motion to Dismiss Count IV of the Amended Complaint must be denied.

**II. Count V: Deceptive Trade Practices**

Plaintiff also asserts a state law claim for deceptive trade practices under Georgia law, O.C.G.A. § 10-1-372(a)(2). This claim is treated analogously to Plaintiff's federal Lanham Act claim and governed by the same standard. *Kason Indus., Inc. v. Component Hardware Grp.*, 120 F.3d 1199, 1203 (11th Cir. 1997). For the same reasons that Plaintiff's Amended Complaint sufficiently states a claim for trade dress infringement under § 43(a) of the Lanham Act, that Amended Complaint also states a claim under Georgia law for deceptive trade practices. Accordingly, Defendant's Motion to Dismiss Count V of Plaintiff's Amended Complaint is denied.

CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 18) is denied.

IT IS SO ORDERED, this 14th day of January, 2011.

    S/Clay D. Land
      CLAY D. LAND
UNITED STATES DISTRICT JUDGE